## STEPHEN SHELTON v. H. H. REYNOLDS.

*Contract—Consideration—Evidence—Comment of Counsel—Pleadings.*

1. A guarantee against loss on an investment in consideration of five per cent. on the profits to be realized at a sale, is a sufficient consideration to support such a contract.

2. The *fact* that plaintiff showed defendant a certificate of purchase was admissible in evidence, but not the contents of the certificate, except by the writing itself.

3. There was no error in refusing to allow the jury to inspect the original writing, "evidence should be offered to their ears, not to their eyes."

4. Counsel should not be allowed to comment upon any aspect of the evidence not covered by his complaint.

This was a CIVIL ACTION, tried before *Armfield, J.*, at July Special Term of Superior Court of FORSYTH County.

Plaintiff complained that the defendant was indebted to him by contract in the sum of $600.20, and offered in evidence the written contract. Defendant objected to the introduction of the written contract upon the ground that it was without consideration. The Court admitted it in evidence, and the defendant excepted. It appeared from the evidence of the plaintiff that the contract sued on was executed October 14, 1890. That on same day, but several hours before the contract was made, the plaintiff had purchased from the West End Hotel and Land Company the lot mentioned in the contract, and W. A. Whitaker, president of the company, had given the plaintiff a certificate of land purchase signed by said Whitaker as president. The defendant's counsel objected to plaintiff speaking of the certificate of purchase as it was not produced, but upon plaintiff testifying that he showed the certificate to defendant at the time defendant signed said written contract, the Court allowed plaintiff to state the fact, but declined to allow plaintiff to speak of the

contents of said certificate of purchase, and defendant ex-
cepted. Defendant afterwards called out the contents of the
certificate from plaintiff on cross-examination, and plaintiff
testified that it was a certificate of the said president of said
company that plaintiff had bought the lot of land mentioned
in the contract, stating price.

It was in evidence that the plaintiff thereafter, to-wit, on
the 25th of October, 1890, executed his notes for balance of
purchase-money to said company, and on November the 3d,
1890, said company executed to plaintiff a bond conditioned
to make title to plaintiff for said lot of land. His Honor
at first prepared and read to the jury an issue as to whether
plaintiff had misread the contract to defendant and before
defendant signed it, but defendant after this testified as a
witness for himself that he read the contract before he signed
it, and there being no evidence that plaintiff misread it to
defendant, his Honor withdrew this issue. Plaintiff testified
that he gave for said lot and expended in selling it $1,375.25,
and that he had lost by the transaction $600.20.

There was no evidence controverting or contradicting
either of these sums, and in charging the jury his Honor
turned to the counsel for defendant, defendant also being
present, and said that he did not understand defendant's
counsel to deny that plaintiff had paid for the lot and
expended on its sale $1,375.25, or that he had lost by the
transaction $600.20, and his Honor understanding defend-
ant's counsel to assent to this, said to the jury if they found
the second issue for the plaintiff they would then find the
first issue $1,375.25, and the third issue $600.20.

One of the defendant's counsel while addressing the jury,
handed them the contract, and asked them to look at it and
say whether said contract had been interlined and changed.
His Honor stopped the counsel and said there was no alle-
gation in the answer of any interlining or alteration, and
no evidence had been offered as to either, and that evidence

should be offered to the ears of the jury and not to their eyes. Defendant excepted.

There was a verdict and judgment for plaintiff. Defendant appealed.

*Mr. R. B. Glenn*, for plaintiff.
*Messrs. Jones & Kerner* (by brief), for defendant.

BURWELL, J.: The contract between the parties was as follows:

WINSTON, N. C., October 14, 1890.

I hereby guarantee S. Shelton against all loss in his investment, in West End Land Co., in lot No. 190, which cost him $1,250, said Shelton to exercise right as to when said lot shall be sold, which shall not exceed two years from November 1, 1890, on a condition that said S. Shelton will give me five per cent. of the profits realized on the sale of said lot.

(Signed)          H. H. REYNOLDS.

The stipulation that the defendant should have five per cent. of the profits, if any should be realized from the investment, was a sufficient consideration to support the agreement of the defendant. It is such a contract as the Courts will enforce. But the objection of the defendant was to its admission as evidence in the case. It was proper that this objection should be overruled. The contract could not be construed till it was put evidence.

There was no error in allowing plaintiff to testify that he showed defendant a paper called a certificate of purchase before he signed the contract. The contents of this writing were properly excluded on the direct examination, it not having been produced.

His Honor did not err when he refused to allow the jury to inspect the original contract, as the defendant's counsel wished them to do. The circumstances called for the appli-

cation of the rule that there must be allegation as well as proof, and that other rule, stated by his Honor, "that evidence should be offered to the ears of the jury, and not to their eyes." We find no other exceptions in the case. The judgment must therefore be affirmed.

No Error.